[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The attorney representing the petitioner in this habeas action has CT Page 12221 moved to withdraw his appearance pursuant to Practice Book § 23-41. The issue before the court is whether, pursuant to Practice Book §23-42, the petitioner's case is wholly without merit and therefore does not warrant the continued appointment of counsel. After reviewing the motion to withdraw and the response of the petitioner, the court file concerning the habeas petition, and the appeal of the petitioner's underlying conviction, I conclude that an arguably meritorious issue deserving of judicial resolution properly exists in this case.
The petitioner was convicted on July 6, 1993 after a jury trial of risk of injury to a child in violation of General Statutes § 53-2 and misdemeanor coercion in violation of General Statutes § 53a-192. The petitioner's conviction was subsequently upheld on appeal. State v.Payne, 240 Conn. 766 (1997).
The essential facts underlying the jury's verdict are set forth in the opinion of the Appellate Court. State v. Payne, 40 Conn. App. 1 (1995). "On February 4, 1993, at 5 p.m., the defendant approached three boys, R, age eight, his brother A, age five, and their friend L, age ten, in a dark hallway of a vacant apartment building in a New Haven housing project. Standing in the doorway so as to prevent the boys from leaving, the defendant ordered the boys to urinate into a cup. The defendant told R that he was going to kill him if he did not comply. After all three boys urinated, the defendant gave them $1 and allowed them to leave. R and A ran home crying and told their mother, T, what had occurred.
"T and her sons approached Officers Brian Morris and John Dalton of the New Haven police department in the courtyard of the housing project. T informed the police officers of the incident and described the defendant. Morris and Dalton told T to return home and to wait for their telephone call. In an effort to locate the defendant, Morris and Dalton proceeded to a nearby parole office. Morris and Dalton described the defendant to a parole officer who stated that the defendant was currently in the building attending a drug and alcohol recovery meeting. Morris and Dalton then telephoned T and requested that she and her sons meet them there. At the [parole] office, R and A positively identified the defendant as the man who had forced them to urinate. The police arrested the defendant and, upon searching him, seized a small plastic bottle of urine they found hidden in the waistband of his underwear." State v.Payne, supra, 40 Conn. App. 3-4.
On July 31, 1998, the petitioner filed a pro se petition with this court seeking a writ of habeas corpus. The petitioner asserted that his conviction was illegal on the grounds of trial irregularity, ineffective assistance of counsel and prosecutorial and police misconduct. The petitioner further claimed that "States attorney and his agent police CT Page 12222 officer tampered with two (2) of my key witnesses thus cousing(sp) them not to appear at court."
Attorney William B. Westcott was appointed on September 29, 1998 to represent the petitioner in the instant action. On May 2, 2000, after a full examination of the record and circumstances surrounding the petitioner's conviction, Attorney Westcott filed the subject motion to withdraw his appearance on the grounds that there are no meritorious claims available to the petitioner to warrant habeas relief.
Practice Book § 23-41 provides that when counsel appointed to represent a petitioner in a habeas matter "after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case. The court's obligation is then to determine whether the case "wholly without merit." Practice Book § 23-42. If the court determines that the habeas case is wholly without merit, it shall allow counsel to withdraw and it shall consider whether to dismiss the habeas petition or allow the petitioner to proceed pro se. Practice Book § 23-42(a). If the court determines that the case is not wholly without merit, it shall not allow counsel to withdraw and may direct counsel to proceed. Practice Book §23-42(b).
The primary issues raised by the petitioner in his pro se petition and reiterated in his response to the motion to withdraw revolve around his claim that the state engaged in misconduct by preventing "L", who was one of the children who urinated into a cup and who supported the petitioner's claim that no threats or coercion were involved in the incident, from testifying at his criminal trial.
A criminal defendant has the constitutional right under theSixth Amendment to the United States Constitution "to have compulsory process for obtaining witnesses in his favor. . . ." This Sixth Amendment right is so fundamental and essential to a fair trial that it applies to the States through the Fourteenth Amendment. Washington v. Texas, 388 U.S. 14
(1967). "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense, This right is a fundamental element of due process of law." Id., 19. See also State v.Genotti, 220 Conn. 796 (1992).
CT Page 12223 "A claim that the state has intimidated a defense witness raises serious questions that go to the core of the constitutional right to a fair trial." State v. O'Brien, 29 Conn. App. 724, 731 (1992). See alsoUnited States v. Hammond, 598 F.2d 1008 (5th Cir. 1979). The defendant's claim that the state engaged in misconduct by persuading a material witness favorable to the defense to ignore a subpoena was raised at trial through a motion in arrest of judgment and for a new trial. The claim was not however raised by petitioner's appellate counsel in the appeal of his conviction.[1]
The petitioner may seek habeas relief based on the claim that his appellate counsel rendered ineffective assistance of counsel by failing to raise the argument on appeal that the state unconstitutionally interfered with his right to compel the attendance of an exculpatory witness at trial. To prevail on this claim, the petitioner must satisfy the two-part test for determining whether a criminal defendant has been deprived of his constitutional right to effective assistance of counsel established in Strickland v. Washington, 466 U.S. 668 (1984). The petitioner must establish "(1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand." Tillman v. Commissionerof Correction, 54 Conn. App. 749, 756 (1999). See also Valeriano v.Bronson, 209 Conn. 75, 85-86 (1988).
While appellate counsel is not under an obligation to raise every conceivable issue and it is possible to leave out a dispositive issue on appeal and nevertheless to have furnished a petitioner with adequate counsel under the sixth amendment, Tillman v. Commissioner ofCorrection, supra, 54 Conn. App. 757, it is not this court's responsibility at this time to determine whether the petitioner will ultimately prevail in his ineffective assistance of appellate counsel claim. I must simply decide whether the claim is "wholly without merit." Practice Book § 23-42. I can not say that a claim of ineffective assistance of counsel based on the failure of appellate counsel to assert in the appeal that the state unconstitutionally interfered with the petitioner's right to compel the favorable testimony of a witness is completely meritless.
Since I have determined that the petitioner's habeas case is not wholly without merit, habeas counsel's motion to withdraw his appearance is hereby denied and counsel is directed to proceed with the case.
Judge Jon M. Alander CT Page 12224